IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANCIS L. DEAN & ASSOCIATES )
OF ILLINOIS, LLC, et al., )
                                       )
            Plaintiffs, )
                                       )
    v. )    No. 13 C 4829
                                       )
RIVERPORT INSURANCE COMPANY, )
                                       )
            Defendant. )

MEMORANDUM ORDER

Riverport Insurance Company ("Riverport") has filed a Notice of Removal ("Notice") to bring this action from its place of origin in the Circuit Court of Cook County to this federal District Court through invocation of the diversity of citizenship provisions embodied in 28 U.S.C. §1332.[1] Because Riverport has plainly failed to meet its affirmative obligation to establish such diversity, this sua sponte memorandum order remands this action to the state court of origin.

Notice ¶¶6.b and 6.c properly identify both facets of corporate citizenship, as defined in Section 1332(c)(1), as to both coplaintiff Sports Cap Re and Riverport. But all that Notice ¶6.a says as to coplaintiff Francis L. Dean & Associates of Illinois, LLC ("Dean") is this:

> According to paragraph 9 of the Complaint, Plaintiff Dean is a Delaware corporation with its principal place of business in Wheaton, Illinois.

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

As that language reflects, Riverport's counsel has spoken only of facts that are jurisdictionally irrelevant when a limited liability company is involved. Those allegations ignore just under 15 years of repeated teaching from our Court of Appeals (see, e.g., <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by <u>White Pearl Inversiones S.A. v. Cemusa, Inc.</u>, 647 F.3d 684, 686 (7th Cir. 2011) and by other cases cited there). And that teaching has of course been echoed many times over by this Court and its colleagues.

This Court has a mandated obligation to "police subject matter jurisdiction sua sponte" (<u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005)). There is really no excuse for the lack of knowledge on the part of Riverport's counsel of such a firmly established principle after a decade and a half's repeated reconfirmation by our Court of Appeals and others. Indeed, that lack of knowledge is even less understandable here, for Riverport's counsel is one of this country's leading law firms with vast experience in federal court matters.

Because the burden of establishing federal subject matter jurisdiction rests squarely on the shoulders of Riverport (figuratively) and its counsel (literally), the situation is that set out in Section 1447(c): "it appears that the district court lacks subject matter jurisdiction." That being so, the same

statute mandates remand, and this Court so orders. To implement the remand, the Clerk of this District Court is ordered to mail a certified copy of the order of remand to the Clerk of the Circuit Court forthwith.

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date: July 8, 2013